IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HAIRSTON,<br>　　　　Petitioner,<br><br>　　v.<br><br><br>JAMIE SORBER, Superintendent,<br>SCI-Phoenix; GEORGE LITTLE, Acting<br>Secretary, Pennsylvania Department of<br>Corrections; BOBBI JO SALAMAN,<br>Superintendent, SCI-Rockview; and<br>STEPHEN A. ZAPPALA , District<br>Attorney, Allegheny County,<br><br>　　　　Respondents. | )<br>)<br>)<br>)　Civil No.  2:22-234<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Kenneth Hairston's Motion to Expand Appointment of the Federal Public Defender to Expeditiously Exhaust State Remedies. (ECF No. 19). For the reasons set forth below, Hairston's motion is denied.

I.

In 2002, Hairston was sentenced to death in the Court of Common Pleas of Allegheny County following his conviction on two counts of first-degree murder in the killing of his wife and son. Many years later, in August 2010, Hairston commenced in this Court his first federal habeas action, docketed at *Hairston v. Beard*, 2:10-cv-1119 (W.D. Pa.). The Court appointed the Capital Habeas Corpus Unit of the Federal Public Defender's Office for the Western District of Pennsylvania to represent Hairston in his federal habeas proceeding in accordance with 18 U.S.C. § 3599(a)(2). The next year, in October 2011, the Court dismissed that case without

1

prejudice because Hairston was in the process of successfully moving in state court to have his direct appeal rights reinstated *nunc pro tunc*.

In January 2014, the Pennsylvania Supreme Court affirmed Hairston's judgment of sentence on direct appeal in *Commonwealth v. Hairston*, 84 A.3d 657 (Pa. 2014). Hairston's judgment of sentence became final on October 6, 2014, when the United States Supreme Court denied his petition for a writ of certiorari. *Hairston v. Pennsylvania*, 574 U.S. 863 (2014).

The trial court then appointed a new attorney to represent Hairston for the purpose of post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq*. This was in accordance with Rule 904(H)(1) of the Pennsylvania Rules of Criminal Procedure, which provides that, in relevant part, at the conclusion of direct review in a death penalty case the trial judge must appoint an inmate new counsel for the purpose of post-conviction collateral review. Hairston, through PCRA counsel, filed a PCRA petition, which he later amended.

The trial court, now the PCRA court, denied Hairston's request for collateral relief. On April 29, 2021, the Pennsylvania Supreme Court affirmed the PCRA court's order denying relief. *Commonwealth v. Hairston*, 249 A.3d 1046 (Pa. 2021). Hairston petitioned for reargument, which the Pennsylvania Supreme Court denied on June 1, 2021. The United States Supreme Court denied a petition for a writ of certiorari on December 6, 2021.

In February 2022, the Acting Secretary of the Department of Corrections issued an execution warrant scheduling Hairston's death sentence to be carried out in March 2022. Hairston, through his federal habeas counsel with the Federal Public Defender's Office, initiated the instant habeas case and moved for a stay of his execution, which this Court granted.

On June 15, 2022, Hairston, through his federal habeas counsel, filed his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 18). He raises eight claims for relief and many subclaims, including claims that his trial counsel provided him with ineffective assistance in violation of his rights under the Sixth Amendment. Hairston acknowledges that he did not litigate before the Pennsylvania Supreme Court several of his trial-counsel-ineffectiveness claims and that, as a result, they are procedurally defaulted. He asserts that under the rule of *Martinez v. Ryan*, 566 U.S. 1 (2012) the Court should excuse his default and review those claims de novo because his PCRA counsel was ineffective[1] for failing to raise them in the PCRA proceeding.[2] (ECF No. 18 at 78-83.)

Hairston also asserted in the Amended Petition that he is entitled to an evidentiary hearing in order to prove he can overcome his default under *Martinez* and also to support his defaulted claims of trial counsel's ineffectiveness. (*Id.* at 155.) Recently, however, the Supreme

---

[1] Hairston did not have a federal constitutional right to counsel during his PCRA proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, he cannot receive habeas relief on a stand-alone claim that his PCRA counsel was ineffective. 28 U.S.C. § 2254(i) ("[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")

[2] The general rule is that, because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely upon PCRA counsel's ineffectiveness to establish the "cause" necessary to overcome the default of a federal habeas claim. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court announced a narrow, but significant, exception to this rule. In relevant part, it held that in states like Pennsylvania, where the law requires that trial-counsel-ineffectiveness claims be raised for the first time in a collateral proceeding, a petitioner may overcome the default of such claims if the petitioner demonstrates: (1) the defaulted claim of trial counsel's ineffectiveness is "substantial" and (2) PCRA counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984) for (3) failing to raise that claim in the "initial review collateral proceeding" (meaning to the PCRA court). *Martinez*, 566 U.S. at 17.

3

Court considerably limited the benefit the *Martinez* rule can provide in a habeas proceeding by clarifying when a district court can hold an evidentiary hearing. Before the Supreme Court's recent decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the rule in the Third Circuit was that the prohibition on evidentiary hearings enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2254(e)(2),[3] did not apply to the issue of whether a petitioner could overcome the default of a claim. *Cristin v. Brennan*, 281 F.3d 404, 413 (3d Cir. 2002). Rather, the decision to hold a hearing was a discretionary one. Moreover, if the district court held a hearing on whether the petitioner could overcome the default of a claim, and if the petitioner successfully showed that he could do so under *Martinez*, a district court could then consider the evidence introduced at the hearing when it issued a de novo ruling on the merits of the underlying habeas claim of trial counsel's ineffectiveness. *See, e.g.*, *Gelsinger v. Sup't of Fayette SCI*, No. 21-2844, 2022 WL 3666228, *2 (3d Cir. Aug. 25, 2022).

*Shinn* clarified that district courts may not proceed this way. The Supreme Court held in *Shinn* that if a district court holds a *Martinez* hearing, it *may not consider* evidence introduced at that hearing in evaluating the merits of the underlying claim of trial counsel's ineffectiveness unless the petitioner has satisfied one of 2254(e)(2)'s two narrow exceptions to AEDPA's general bar on evidentiary hearings. *Shinn*, 142 S. Ct. at 1733-39. The Court of Appeals has

---

[3] Section 2254(e)(2) provides that when a petitioner "has failed to develop the factual basis of a claim in State court proceedings," supplementation of the record in a federal habeas proceeding is appropriate only if the petitioner's federal habeas claim relies on (1) a new rule of constitutional law, or (2) new facts previously undiscoverable, § 2254(e)(2)(A), and the petitioner demonstrates that facts underlying the claim would be sufficient to establish his innocence "by clear and convincing evidence," § 2254(e)(2)(B).

instructed that, in light of *Shinn*, "before holding a *Martinez* hearing," a district court should first decide whether the underlying trial-counsel-ineffectiveness claim "succeeds considering *only the state court record*." *Williams v. Sup't Mahanoy SCI*, 45 F.4th 713, 724 (3d Cir. 2022) (emphasis added). If the district court concludes that the underlying claim is not supported by the state court record, it "should deny relief without more." *Id.* That is, if the state court record alone does not allow the petitioner to succeed on the trial-counsel-ineffectiveness claim, the district court must skip a *Martinez* hearing "altogether and deny habeas relief" on that underlying claim. *Id.* at 723-24.

Due to the change in the law brought about by *Shinn*, Hairston has decided to file a state petition for writ of habeas corpus to attempt to litigate his defaulted claims in that proceeding. He contends that he may do so under *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021), in which the Pennsylvania Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so." Hairston asserts that a state petition for a writ of habeas corpus is his first opportunity to bring a claim that his PCRA counsel was ineffective for failing to litigate his defaulted claims of trial counsel's ineffectiveness. He thus filed a motion to stay this federal habeas proceeding while he moves again in state court for collateral relief, which the Court granted. (ECF Nos. 20, 22.)

Hairston also has filed the pending motion to expand the appointment of his federal habeas counsel to include representation of him in the state collateral proceeding he intends to pursue. (ECF No. 19.) In support, Hairston states that "[t]here is nothing in Pennsylvania law that requires appointment of counsel" for him at this time and that "he is not necessarily entitled

5

to appointment of counsel beyond his initial round of PCRA proceedings." (*Id.*) (ECF No. 19 at 2, ¶ 6.) He thus requests that this Court exercise its discretion under 18 U.S.C. § 3599(e) and expand the scope of appointment of his federal habeas counsel so that the Federal Public Defender's Office can represent him in the state proceeding.

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that § 3599(e) authorizes federal defender organizations to furnish representation with federal funding in state clemency proceedings. In a footnote, the Supreme Court stated that "[p]ursuant to § 3599(e)'s provision that counsel may represent her client in 'other appropriate motions and procedures,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal representation." *Harbison*, 556 U.S at 190 n.7.

Hairston has not shown that it is either necessary or appropriate for the Court to authorize the use of federal resources as he litigates another state collateral action. He does not assert that the state court lacks the discretion to appoint him counsel or that no qualified state counsel are available. Nor does he contend that he has initiated state court proceedings and requested the appointment of counsel and that the state court has denied his request. Thus, the Court declines to grant Hairston's motion to appoint his federal habeas counsel to represent him in his state proceeding. *See, e.g.*, *Hitcho v. Wetzel*, No. 16-cv-1156, 2016 WL 8717228 (E.D. Pa. 2016) (finding no basis to expand federal habeas counsel's appointment when the petitioner had qualified attorneys representing him in his state proceeding); *Tedford v. Beard*, No. 20-cv-409, slip op. (W.D. Pa. Nov. 12, 2014) (Gibson, J.) (declining to expand the appointment of federal habeas counsel to represent petitioner in successive state collateral proceeding he

decided to file after the district court held that he was not entitled to additional discovery in his federal habeas case).

## II.

Based on the above, Hairston's Motion to Expand Appointment of the Federal Public Defender to Expeditiously Exhaust State Remedies (ECF No. 19) is DENIED without prejudice.

Dated: October 4, 2022

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge